KAPLAN FOX & KILSHEIMER LLP
Gary L. Specks
423 Sumac Road
Highland Park, IL  60035
Telephone:  847-831-1585
Facsimile:  847-831-1580
gspecks@kaplanfox.com

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King (*pro hac vice* to be filed)
Linda M. Fong (*pro hac vice* to be filed)
Matthew B. George (*pro hac vice* to be filed)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com
mgeorge@kaplanfox.com

*Attorneys for Plaintiff JAMES ANDERSON*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ANDERSON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INC.,<br><br>Defendant. | Case No. 1:17-cv-6104<br><br>CLASS ACTION<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>(1) Violations of California and Illinois consumer protection laws;<br>(2) Breaches of Implied and Express Warranties<br>(3) Unjust Enrichment; and<br>(4) Declaratory Relief |

Plaintiff James Anderson ("Plaintiff"), by and through his attorneys, on behalf of a proposed Class of similarly situated persons, allege on information and belief as follows:

## INTRODUCTION

1.      Beginning in 2010, Logitech Inc. ("Logitech") marketed and sold high-definition digital video home security systems ("Alert Systems") that would "help consumers protect what's important" and promised "peace of mind in a box."  Logitech claimed its Alert Systems would provide safety-minded consumers with comprehensive, reliable home security, and that buyers could use Logitech's new technology to view live video feeds from their security cameras on computers, smartphones and tablets.  But Logitech failed to tell customers that the Alert Systems were defective because the cameras experienced a high-rate of failure and the "powerful" software needed to run the Alert Systems was rife with bugs and glitches that made the systems unreliable and inoperable, thus leaving customers unprotected and at an increased safety risk.  When the defective Alert Systems inevitably failed, Logitech refused to honor its warranties to remedy the defects while customers' warranty periods lapsed, thereby escaping its legal obligations to provide non-defective replacements or refunds.  And, given the extent of the defects in the Alert Systems and its inability to solve the problems, Logitech finally discontinued the product altogether which left consumers without replacement parts or cameras when their systems inevitably failed.  Accordingly, and as detailed below, Logitech's marketing of Alert Systems was false and misleading, and likely to deceive consumers.  As a result of Logitech's unlawful business practices, consumers unknowingly invested hundreds, if not thousands, of dollars in Alert Systems that are now obsolete and that have already or will inevitably fail. Logitech's conduct violates consumer protection and warranty laws.

2.      Plaintiff James Anderson, a purchaser of defective Logitech Alert Systems, brings this class action on behalf of other Alert System buyers to recover damages and divest Logitech of its ill-gotten profits.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which members of the Class are citizens of states different from Logitech.  28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Logitech because it conducts substantial business in the state of Illinois through retail sales of its consumer products and services, and because it has specifically marketed, advertised, and made substantial sales in Illinois, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state through its promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Logitech does substantial business in this District, has intentionally availed itself of the laws and markets within this District through its marketing, promotion, distribution, and sales activities in this District, and a significant portion of the facts and circumstances giving rise to Plaintiff's Complaint occurred in this District.

## PARTIES

6.      Plaintiff James Anderson resides in Orland Park, Illinois.  As further explained below, Plaintiff purchased a Logitech Alert System and suffered damages due to Logitech's conduct.

7.      Defendant Logitech Inc. is a California corporation with its North American headquarters and principal place of business located at 7700 Gateway Boulevard, in Newark, California.  Logitech is a global developer and provider of consumer products including accessories for personal computers and tablets like keyboards, mice, webcams, speakers, and microphones, as well as the digital security systems that are the focus of this lawsuit.  Logitech is a subsidiary of Logitech International, S.A., a holding company that maintains its headquarters in Lausanne, Switzerland.  Logitech is a publicly traded company on the NASDAQ stock exchange under the symbol "LOGI."  Logitech has reported $2 billion in annual sales.

## GENERAL ALLEGATIONS

### Logitech Alert Digital HD Video Security Systems

8.      In 2010, Logitech began the sale and distribution of high-definition digital video security systems under the "Alert" brand name ("Alert Systems").  Logitech packaged the Alert System (pictured below) as a complete home video security system that would allow customers to "Be There When You're Not."



9. Logitech aggressively marketed and sold its Alert Systems to safety-conscious consumers directly through its website and retail affiliates by promising to deliver an easy, comprehensive solution to home security. For example, Logitech advertised:

> Get peace of mind in a box. The Logitech Alert 750e Outdoor Master System comes with everything you need to help protect what's important to you—a weatherproof HD camera with wide-angle night vision, powerful Windows and Mac software, a free remote viewing account, and simple plug-and-play installation without new wiring. Plus, you can easily expand your system to as many as six cameras—indoors and out.

10. Logitech also told consumers that "[a] video-security system is only as good as the video it captures" and touted that its high-definition cameras could "protect your home and family day or night." Logitech emphasized on its website and in marketing materials that the Alert Systems would provide customers with reliable, continuous home security through its digital cameras that had features such as night vision and weatherproofing that could prevent and discourage home invasions and robberies "rain or shine—summer or winter." Logitech bolstered its marketing materials with videos submitted by customers that thwarted burglaries in progress, caught thieves, and stopped a possible intrusion from a wild black bear. Logitech captioned one video with the following:

> After being robbed previously during the year, customer uses Logitech's video surveillance system and eventually logs in to view a live stream of her house being robbed real-time. A quick call to 911 and the police were at the house in 4 minutes.

11. Logitech also claimed Alert Systems used special "HomePlug" networking technology that would be simple to use and install without costly, professional installers, thereby providing a cheaper and simpler alternative to subscription based home security systems provided by services like ADT. Logitech claimed that:

> Included HomePlug network adapter uses your home's electrical wiring and outlets to transmit video from the camera to your computer. Simply install the software, plug the network adapter into your router and wall power outlet, plug

the camera into a nearby wall outlet—and you're ready. No professional installer, excessive wires, IP address setting or router resetting needed.

12. Logitech told customers that Alert Systems would provide them with safety and security features such as motion detection alerts, plus live and recorded video feeds to any internet connected computer, smartphone or tablet, which would allow customers to monitor their home security cameras remotely. So, for example, a Logitech Alert Systems buyer could tap into a live video feed on her iPhone to see if a UPS package was delivered, could monitor child-care providers who were watching her children while she was at work, and could be sent an immediate alert to her smartphone through a motion sensor if someone was trying to break into her home while she was sleeping.

13. Logitech summarized key features of its Alert Systems (whether for indoor and outdoor use) in print advertisements on its website, www.logitech.com, and through online retailers like Amazon:




14.     Logitech's Alert System is comprised of four main components: (1) a master camera that could either be intended for indoor or outdoor use; (2) additional cameras that could be linked with the master camera; (3) software that could be installed on purchasers' computers and other devices using Windows or Apple operating systems; and (4) a premium subscription service called the "Web and Mobile Commander" that was intended to unlock additional product features such as searching and viewing recorded video on their smartphone so customers could immediately see the video footage that might have triggered an alert.  In order to upsell customers on the subscription service, Logitech promised subscribers access to Logitech's "secure, data center-housed servers" that would be: "Always On. Always Working."

15.     Given the extensive product features Logitech promised, including high definition or "HD" video that portrays images in high resolution with a greater degree of picture detail and accuracy, Alert Systems were sold at premium prices—starting at $299.99-$349.99 for a master camera, with each additional camera costing $199.99-$279.99 or more.  And, with the annual cost for a Web and Mobile Commander subscription at $79.99, customers could invest well over $1500 in an Alert System.

16.     With purchase of a Logitech Alert System, Logitech provided an express one-year warranty in writing that promised customers that their "Logitech hardware product shall be free from defects in material and workmanship."  Logitech warranted that purchasers whose products failed could either (1) have the Logitech Alert System repaired or replaced; or (2) be provided a refund.  Logitech also warranted in writing that the Alert Systems would be merchantable for their ordinary purpose of providing reliable digital home security for the duration of the one-year express warranty.

**Customers Complain About Logitech Alert Systems' Defects**

17.     Logitech provided an online forum for purchasers where Logitech could post announcements or information about the Alert Systems, such as software updates, and where customers could ask for troubleshooting.[1]  Occasionally, Logitech employees would moderate discussions and offer troubleshooting tips directly to customers.

18.     Customers inundated Logitech's forum with complaints about the functionality and efficacy of the Alert Systems that rendered the Alert Systems inoperable and unable to provide reliable security services.  Among other things, customers reported experiencing problems that included: (1) difficulty installing and setting up the Alert Systems; (2) Alert Systems that would not turn on, stay powered up, or record and download video properly; (3) failures of the micro SD cards installed in the cameras; (4) connectivity problems; (5) overheated components; (6) problems with inoperable or faulty motion sensors; (7) delayed and failed alerts; and (8) software bugs and glitches that made the systems unreliable and inoperable.  As one customer explained:

> I purchased a 750e Master System and 3 add-on 700e cameras.  Since day one, I have had nothing but inconsistency and problems with these products.  The Alert Commander will find the cameras one minute, and then will lose the cameras and will search for them for the next week!  How is this a security system if the cameras are not online?  I have contacted Logitech tech support more than 5 times and each time results in more frustration as they offer no solutions!  Do yourself a favor.  Do not purchase this product!

---

[1] *See* https://community.logitech.com/s/.

Other customers plagued with defective cameras reported complaints and failures to Logitech including:

- If you cameras worked out of the box consider yourself lucky. 70% failure rate here.......wow[2]

- I have purchased 4 total cameras, two of them have failed and it's been less than 1 year for both of those.

- Two outdoor, and one indoor camera. They all three worked fine for about a week, but now I cannot see the indoor camera and one of the outdoor cameras.

- I was a huge fan of this product, recommending it to many many people. What a let down. My 4th camera died today, the remaining 5th camera probably won't last much longer I'm tipping. Having spent thousands of dollars on this system I'm more than slightly annoyed.

- My family purchased a Logitech master system two years ago and three add-on cameras in the next year. Within one year of original purchase, we had to contact customer service for a replacement camera twice.

- Had these cameras for 6 months now. I started a thread a while ago about this problem, still seems to happen every other week which makes this product useless... This product is very unreliable. You cannot depend on this for home security.

- The volume of common failed 700E cameras and associated bad press to Logitech should motivate Logitech to provide some type of repair service for the failed cameras. Maybe a recall of some sorts.

19. In August 2014, after having multiple cameras fail, one consumer complained that the issues were related to the cameras overheating due to a "lack of heat dissipation" and "insufficient engineering." The consumer took photos of "bad solder joints" inside the camera that "seem to be burned" or "got too hot" revealing related internal damage:[3]

---

[2] Alert System consumer complaints have not been edited for spelling, punctuation, or grammar.

[3] Retrieved from http://forums.logitech.com/t5/Alert-Security-Systems/Pics-the-inside-of-the-700E-Is-this-the-problem-failed-no-light/td-p/1298191 (no longer accessible).






20.     Logitech personnel viewed and responded to these posts but failed to provide

relief or explanations to consumers who requested that Logitech provide information and support

to remedy these common design defects that were causing Alert Systems to prematurely fail.

21.     Frustrated buyers of Logitech's Alert Systems were equally vocal on internet

retail websites like Amazon.com, reporting:

- This system stop working after 10 days. I spend 2 hours with Customer Service. They asked to send this camera back. To days later additional 2 cameras stop working. Worst system.

- All cameras not working after 6 month. Was replaset and again fail to work. This is worst product I have.

- Worst decision ever. I have had the cameras for about 5 months now. They worked fine for about two months and ever since I have had nothing but problems. Cameras are no longer detected. SD cards don't stay formatted. Outdoor weatherproof camera got water in it and is now foggy (can't see anything) When the cameras are detected the image is black. I've contacted customer service for troubleshooting the suggestions don't work and so I ask to return them and get a refund. All I get is a if it is within 30 days we will be happy to refund if not we need to try some troubleshooting (which doesn't work). Not happy do not buy.

- Avoid these cameras like the plague.

- I went through two of these. One overheated and stopped working after less than two days of use.

- I called Logitech support the first time because both cameras had just decided to stop working all together. The truth is their technology is just not ready for primetime!

- I left the one camera that could not be found plugged in (this was a mistake) hoping it would be discovered at some point but never was. A few days later I smelt something burning outside like wires, I did not want to believe it was the camera but as it turned out there was nothing else that could have been the cause so I unplugged it and the smell went away after about ten minuets. Now the other camera has gone missing, I have attempted to reset it and called Logitech support with no luck. The bottom line is that I am very disappointed in this system; I was hoping for a security system that would at least function, I did not get it.

- I've had this for about 5 weeks and it worked fine until then... the camera is no longer detected and it doesn't work no matter what I try. DO NOT PURCHASE.

- Cam never worked so not a lot to review about this product except for the fact that you may have to deal with returning a non-working unit.

- This product had severe issues connecting and it ultimately failed.

- [H]ighly unreliable. When it is hot (I live in Phoenix), it stops working. When there is a big current draw in the house, it quits working. For random reasons, it quits working. If you want reliability, skip this product.

- I purchased 12 cameras 8 of which have failed and had to be replaced. Troublesome to replace because Logitech does is not eager to replace cameras and sends back wrong items or short items.

- Dead out of the Box - Purchased the camera system due to a large amount of car break ins recently. Ran all the cabling, plugged everything in...and the camera wouldn't boot or hard reset. Apparently this happens fairly often.

- It worked great for the first week but soon after those 7 days it just stop working, nothing else to say.

- The item worked for about 45 days then suddenly just died. Never came back to life. Bad experience with this piece of crap. It's a toy nothing more than that. Not recommended.

### Logitech Breaches Its Express Warranties

22.     In addition to breaching its implied warranties with consumers by deceptively

marketing and selling Alert Systems that were never merchantable for providing reliable,

continuous digital home security, Logitech faced a deluge of customer complaints and requests

for warranty repairs and refunds. Logitech responded by designing and implementing a strategy

to avoid its express warranty obligations by, among other things: (1) requiring customers to go

through repetitive, time-consuming, cumbersome, and unsuccessful troubleshooting processes;

(2) failing to replace customers' defective systems with non-defective parts, software, or systems

in a timely manner while warranty periods lapsed; (3) repeatedly telling customers Alert Systems

were on back-order so that they could not be replaced during the warranty period; (4) creating

administrative hassles for customers to prove purchases and submit exchange Alert Systems for

repair and/or replacement; (5) replacing defective Alert Systems with defective Alert Systems;

(6) misleading customers that its Alert Systems' problems would be fixed with upcoming

hardware and software fixes that never materialized or did not actually work; (7) failing to

implement successful software upgrades that would resolve or improve the user experience and

make the Alert Systems functional for their intended purposes; and (8) failing to provide refunds.

As a result, Logitech strategically left customers without operable security systems during the

warranty period while it ran out the clock.

23.     One Logitech customer summarized her frustrating experience trying to get

Logitech to honor its warranty for her Alert System on Amazon.com:

> I am disappointed.  I bought the Alert camera system and installed it and my
> outdoor camera only worked for a month.  It was too late to return through
> Amazon so I contacted Logitech's warranty department.  I was told I would be
> eligible for a replacement and that a shipping label would come to my email in
> 24-48 hours.  None came.
>
> I had to then contact support (again) where they told me they couldn't generate a
> label without my address, which no one asked me for (or notified me they did not
> have).  Finally I get my label and I return my camera.
>
> I am then notified it has been received and that I should be getting notification of
> my replacement camera's shipping info.  Nothing comes.  A few days later I get
> an email that my issue is closed.  Nice.
>
> It's been well over a month now that I've not had a working camera - not a very
> effective security system with a non functional and now a non-existent camera.  I
> contacted support today concerned that my issue has been closed and yet here I
> am without my broken camera or any news of receiving a replacement.  I am
> now told the cameras are backordered and I will not receive one for several more
> weeks.  I was only told this because I contacted Logitech myself, no updates
> were given to me without my calls to support.
>
> I guess Logitech expects their customers who trust in their ability to provide
> security (through an expensive camera system) to just wait patiently for their
> replacements for weeks on end.  In the meantime I am using up my valuable
> warranty period (clearly I've lost confidence in the ability of the cameras to last
> and work properly for a long period of time) with no camera at all.[4]

---

[4] (Amazon.com user Bria Thompson – August 17, 2013.)

24. Other customers have reported similar, frustrating experiences on Logitech's forum and Amazon.com that left them without operable Alert Systems during the warranty period:

- I've been checking with tech support over the past two months, trying to get a replacement for a dead camera. I got the story that they were [discontinuing the systems but that replacement cameras would be available for those with systems. Today, I was told that the cameras that we are so patiently waiting for will be 'new and improved', but no details available yet. I hope this is true....could use 'new and improved'.

- I bought this but it broke after 3 month. The warranty is a pain in the neck. I answered a million of questions through email with their customer service. At the last step, after I submitted all the invoice and pictures etc, they stopped responding to my email. OK, I started another claim. They apologized and asked me to ship my camera to them. Today, I got my camera back, ONLY my camera, but I shipped the whole package to them! No power supplies, no network adapters, no SD cards, only the camera. Very disappointed.

## Logitech Discontinues the Alert System

25. Logitech made a decision in the last quarter of 2012 to discontinue the manufacture and sale Alert Systems entirely by 2014 but concealed that material information from consumers who would continue to invest thousands of dollars in Alert Systems that were defective and going to be obsolete. Logitech's decision to discontinue the product negatively impacted the availability of replacement Alert Systems to consumers who were often told cameras were already "backordered" and that Logitech would continue to try and upgrade and fix the product. But it wasn't until July 22, 2014 that Logitech publicly disclosed to its customers on its website forum that it was discontinuing the Alert Systems and that they would no longer be for sale on Logitech.com. Logitech knew internally for nearly two full years that it had given up on the defective Alert Systems but continued to sell its remaining stock to unsuspecting customers who would eventually be stuck with significant investments in defective products that Logitech would be unable to repair or replace. In fact, during this time Logitech

continued to mislead customers that it was eventually going to solve the problems and come out with new cameras. As one customer explained on Logitech's forum: "I spoke to support last week and I was also told that they will be coming out with new cameras in early 2015 that will be better and more stable. They said they will work with our existing systems. I hope that is true. I have one dead camera that can't be fixed or replaced."

### Logitech Actively Concealed Material Information From Consumers

26.     Logitech purposefully withheld from consumers that the Alert Systems were fundamentally defective, that it would not and could not comply with its warranty obligations, and that it was discontinuing the Alert Systems so that customers would be unable to obtain replacement systems or parts when the Alert System would inevitably fail. Logitech actively withheld all of this material information from consumers so that it could continue to sell its remaining supply of defective Alert Systems, take its profits, and then exit the home security industry altogether.

27.     Logitech exclusively knew that its Alert Systems were fundamentally defective because Logitech designed, manufactured, and tested the Alert Systems using specially designed complex hardware and software technology of its own creation. Accordingly, Logitech exclusively knew that the Alert Systems would and did experience a high rate of failure both in and outside the warranty period due to its fundamental design defects at the time it began marketing and selling the Alert Systems. At a minimum, Logitech became aware of the fundamental defects in the Alert Systems soon after they hit the market due to the high level of customer complaints.

28.     Logitech also exclusively knew that its sale of defective Alert Systems was in breach of consumer warranty laws and obligations. First, Logitech knew that its Alert Systems

15

were not warrantable for the purpose of providing consumers with reliable, continuous, digital video home security that the Alert Systems were intended to provide because it designed, manufactured, and tested the defective Alert Systems that were unreliable, needed constant upgrades and repairs, or were altogether inoperable.  Second, Logitech actively concealed it would breach its express warranties because, among other things, the Alert Systems were rife with defects that could not be effectively repaired, Logitech failed to maintain an adequate supply of repair and replacement parts and equipment, Logitech would put customers through difficult administrative and procedural hassles to discourage them from pursuing warranty claims, Logitech would refuse to provide refunds, and Logitech would stonewall customer complaints while their warranty periods lapsed.  As a result of Logitech's conduct, Logitech's Alert Systems actually placed consumers at an increased safety risk because the Alert Systems were faulty, defective, and could not protect buyers from the home security risks the products were intended to alert buyers of and prevent, such as break-ins and robberies.

29.    Logitech also actively concealed its strategic business decision to forgo further investment in the Alert Systems (and fixes or upgrades) from buyers for nearly two years after it decided to abandon the product.  As a result, buyers were not informed that they would eventually be left with inoperable, defective Alert Systems that Logitech could not upgrade, repair or replace because of an inevitable shortage of supply.

30.    Logitech's decision to conceal material facts relating to defects in the Alert Systems, its warranty breaches, and its decision to discontinue the Alert Systems emanated from its corporate headquarters and was not disclosed by Logitech to consumers.  Accordingly, Plaintiff and other prospective buyers could not reasonably ascertain the material information regarding Alert Systems that Logitech purposefully withheld to deceive them.  At all times

Logitech maintained a duty to disclose to Plaintiff and other consumers that the Alert Systems contained material defects, that the Alert Systems were unmerchantable for the purpose of providing continuous, reliable home security and safety, that Logitech was breaching its warranties and intended to breach its warranties with buyers, and that Logitech would be discontinuing the Logitech Alert line so that consumers would be eventually be unable to obtain suitable replacement parts and/or Alert Systems when their Alert Systems failed both within and outside their warranty periods.  Logitech's failure to comply with its duty to disclose this material information deceived Plaintiff and other customers into investing hundreds or thousands of dollars in Logitech Alert Systems that they could have spent on alternative, properly functioning home security systems.

31.     As a direct and proximate result of Logitech's conduct, consumers purchased Logitech Alert Systems they would not have otherwise purchased, paid more for Logitech Alert Systems than they would have otherwise paid, and have been subject to an increased safety risk because they purchased faulty home security systems that were defective and not suitable for the purpose for which they were sold.  Logitech's conduct has violated consumer protection and warranty laws, and buyers are accordingly entitled to damages, restitution, and injunctive relief.

## PLAINTIFF'S EXPERIENCES

32.     Plaintiff James Anderson purchased a Logitech Alert System with four cameras, including at least one camera from Logitech through its website.  Prior to purchase Plaintiff viewed Logitech's marketing materials for Logitech Alert Systems on its website and was aware of Logitech's warranty, which he understood would be included in his purchase.  Plaintiff also understood and expected that Logitech would continue to support its expensive home security systems.  In total, Plaintiff estimates spending at least $1000 on his Alert System.

33.     Plaintiff began experiencing problems with his Logitech Alert System soon after he purchased it, and within Logitech's warranty period.  Among other problems, Plaintiff experienced connectivity issues where the Alert System was not detecting the cameras, requiring a reboot phase that it would cycle through when it was supposed to be operating, glitchy and unreliable software that would shut down, gaps in recorded video indicating the cameras were not recording properly and/or that the Alert System was deleting or not downloading and saving the video properly that also resulted in failed alert notifications, notices that the camera was not recording and needed to be rebooted or have the SD cards reformatted, and failures of the night-vision features to operate properly causing the camera to record in night-vision even during the day.  In an effort to address some of these problems, Plaintiff Anderson purchased and replaced the SD cards approximately 3-4 times which caused him to incur additional out of pocket costs.

34.     Eventually, two of the cameras in Plaintiff's Alert System completely failed and although he provided Logitech with notice of the defects by contacting customer support he was informed the product was not in production and was no longer shipping or available for warranty service.  He also contacted Logitech on occasion for troubleshooting issues and visited FAQ sites but these efforts did not resolve the problems with the Alert System which continued to fail and not work properly.  Recently, the Alert System failed to alert him and capture on video an animal's destruction of his gazebo privacy curtain.

35.     Had Plaintiff known prior to purchase that the Logitech Alert System was defective and unmerchantable for providing reliable, digital home security, that Logitech would not honor its warranty obligations, and that Logitech was discontinuing the Alert System and would not have repair centers or adequate replacement systems or parts, he would not have purchased the Alert System or would have paid less for it.  Plaintiff has been harmed as a result

of Logitech's conduct because, among other things, he purchased an expensive Logitech Alert System he would not have otherwise purchased, paid more for the Logitech Alert System than he would have otherwise paid, and bought replacement parts for the Alert System he would not have otherwise purchased. As a result, Plaintiff has been harmed by Logitech because he ended up with a purported digital home security system that was not merchantable and fit for the ordinary purpose it was intended to serve. Plaintiff has also subjected himself to an increased safety and security risk because he did not and does not have a fully operable home security system, when, had he known material information Logitech failed to disclose, he could have purchased a properly operating system from another manufacturer or service. Plaintiff was also denied the benefits of his warranties with Logitech and under applicable law.

### CLASS ACTION ALLEGATIONS

36.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and a proposed "Class" defined as:

> All purchasers of Logitech Alert Systems in the United States (except California).[5]

Excluded from the Class are Logitech; any agent, affiliate, parent or subsidiary of Logitech; any entity in which Logitech has a controlling interest; any officer, director or employee of Logitech; any Judge to whom this case is assigned as well as his or her immediate family; and any putative class member in the matter of *Parker v. Logitech*, Case No. RG15781276, currently

---

[5] Plaintiff's counsel is also counsel of record in two related actions: (1) *Parker v. Logitech*, Case No. RG15781276, currently pending in the Alameda County Superior Court in Oakland, California before the Honorable George C. Hernandez, Jr.; and (2) *Chernus, et al., v. Logitech*, Case No. 3:17-cv-00673-FLW-TLB, currently pending in the United States District Court for the District of New Jersey. The *Parker* Action is a putative class action on behalf of California consumers only asserting similar claims over Logitech's Alert Systems who are expressly excluded from the proposed classes and subclasses in this proceeding.

pending in the Alameda County Superior Court of California. Plaintiff reserves the right to amend or modify the Class definition as the litigation progresses or as otherwise permitted by the Court or prevailing law.

37.     Plaintiff Anderson also brings specific claims as set forth below on behalf of an Illinois Subclass defined as:

> All purchasers of Logitech Alert Systems in the state of Illinois.

Excluded from the Illinois Subclass are Logitech; any agent, affiliate, parent or subsidiary of Logitech; any entity in which Logitech has a controlling interest; any officer, director or employee of Logitech; any Judge to whom this case is assigned as well as his or her immediate family; and any putative class member in the matter of *Parker v. Logitech*, Case No. RG15781276, currently pending in the Alameda County Superior Court of California. Plaintiff reserves the right to amend or modify the Class definition as the litigation progresses or as otherwise permitted by the Court or prevailing law.

38.     Plaintiff also reserves the right to seek additional subclasses of persons as appropriate on each of Plaintiff's causes of action.

39.     Plaintiff brings this action as a putative class action pursuant to Federal Rule of Civil Procedure 23 because there are common questions of law and fact among the claims of Plaintiff and absent members of the Class;[6] because there are thousands of potential class members so that it would be impracticable, if not impossible, for each of them to file individual actions, and because through this litigation Plaintiff may obtain benefits for himself and the absent Class Members in one proceeding.

---

[6] Members of the Class and Subclass are referred to collectively herein unless otherwise stated.

40.     There are numerous common questions of law and fact that predominate the litigation and can be efficiently adjudicated in this proceeding.  The common questions exist as to all members of the Class that include, but are not limited to the following:

a.      The cause, nature, and extent of the defects in the Alert Systems;

b.      Whether, when and how Logitech identified the cause and nature of the extent of the defects in the Alert Systems;

c.      Whether Logitech made material misrepresentations or omissions in the marketing and sale of the Alert Systems to Class members;

d.      Whether Logitech's material misrepresentations or omissions in the marketing and sale of the Alert Systems were likely to deceive Class members;

e.      Why Logitech decided to discontinue the Alert Systems and whether Logitech concealed its decision to discontinue the Alert Systems from Class members;

f.      Whether Logitech breached its warranties with Class members;

g.      Whether and how Logitech designed and employed a program to prevent Class members from obtaining replacement parts, replacement Alert Systems, or refunds in its warranty process while their warranty periods lapsed;

h.      Whether the Alert Systems were merchantable for the purpose of providing reliable, continuous home security and safety;

i.      Whether Logitech's conduct violated consumer protection and warranty laws;

j.       Whether Logitech breach its express or implied warranties;

k.      Whether Logitech owes damages and/or restitution, and, if so, what is the proper measure and formula to determine the amounts; and

l.       Whether Plaintiff and members of the Classes are entitled to injunctive and declaratory relief.

41.     Plaintiff's claims are typical and co-extensive of the other Class members' claims because they purchased defective Logitech Alert Systems. Additionally, Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel experienced in complex class action and consumer protection litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

42.     The Class also satisfies the criteria for certification under Federal Rule of Civil Procedure 23(b) and 23(c). Among other things, common questions of law and fact predominate over questions affecting individual Class members and a class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims. The damages suffered by each individual Class member may be limited, particularly given the burden and expense of individual prosecution of his or her claims. Even if Class members could afford individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation also increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

43.     In the alternative, the Class may be certified because:

a.      The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Logitech;

b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.      Logitech has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the members of the Class as a whole.

44.     Plaintiff also avers that certification of one or more subclasses or issues may be appropriate for certification under Federal Rule of Civil Procedure 23(c).

## TOLLING OR NON-ACCRUAL OF STATUTES OF LIMITATION

45.     Any applicable statutes of limitations have been tolled or have not run because Logitech knowingly, actively, and fraudulently concealed the facts as alleged herein. Logitech had actual and constructive knowledge of the wrongful courses of action alleged in this Complaint. Plaintiff and Class members have been kept in ignorance of information essential to the pursuit of their claims, without any fault or lack of diligence on their part. Plaintiff and Class members reasonably relied upon Logitech to perform its duties to provide legally required

disclosures about Logitech Alert Systems and to comply with its warranty obligations. Logitech's concealment of these facts before, during, and after the purchases of Class members' Alert Systems prevented them from being on notice of any facts or information that would have required them to inquire whether Logitech fulfilled its duties under the law and, if not, whether Plaintiff and Class members had legal recourse.

46. At all times prior to, during, and since the purchase of Plaintiff's and Class members' Alert Systems, Logitech has been under a continuing duty to disclose the true facts regarding the Alert Systems. Because of Logitech's willful concealment of material information concerning the Alert Systems over a period of years, Logitech is estopped from relying on any statute of limitations defense as to the claims of the members of the Class. To the extent Logitech asserts that it provided any notices or disclosures regarding the Alert Systems' to Class members, whether in correspondence or otherwise, any such disclosures were incomplete, misleading, and were designed and drafted with the intent to induce reliance and inaction on the part of Class members to prevent them from asserting their legal rights.

47. Plaintiff did not discover the facts constituting Logitech's unlawful conduct until dates within the limitations period governing this action. Plaintiff is not at fault for not having knowledge of the unlawful conduct that Logitech has perpetrated given Logitech's extensive efforts over the course of many years, including years subsequent to his purchases, to conceal material information about the Alert Systems and its intentions to breach its warranties. Accordingly, any statutes of limitations governing Plaintiff's and Class members' claims should be tolled.

## FIRST CAUSE OF ACTION

**Unlawful, Unfair and Fraudulent Business Acts and Practices**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

**On Behalf of Plaintiff and the Class**

48.     Plaintiff incorporates by reference and realleges all paragraphs alleged herein.

49.     Logitech's acts and practices constitute unlawful, unfair, and fraudulent business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The application of the Unfair Competition Law to the putative Class in this action is appropriate because Logitech's U.S. headquarters and principal place of business is in California and because the wrongful conduct alleged herein, including but not limited to Logitech's decision making that gave rise to this cause of action regarding the development, marketing, and sale of Alert Systems occurred in the state of California.

50.     Logitech engaged in fraudulent, unlawful and unfair business practices in violation of the Unfair Competition Law by, among other things:

a.      Designing, manufacturing, marketing and selling Alert Systems to consumers that contained material, fundamental defects without disclosing such defects to consumers;

b.      Marketing and selling Alert Systems that were not merchantable for the purpose of providing reliable digital home video security services;

c.      Marketing and selling Alert Systems while concealing material facts from Plaintiff and Class members regarding the defects in the Alert Systems that would manifest both within and outside their express or implied warranty periods that would create a safety and security risk for Plaintiff

and Class members who purchased the Alert Systems to provide reliable home security;

d.    Concealing from purchasers that Logitech intended to discontinue manufacture and sale of the Alert Systems that would leave customers with inoperable, defective Alert Systems that Logitech could not repair or replace because of an eventual shortage of supply of replacement parts and systems;

e.    Concealing from Class members that Logitech was in breach and intended to breach its warranty obligations by, among other things: (1) selling defective Alert Systems; (2) requiring customers to go through repetitive, time-consuming, cumbersome, and unsuccessful troubleshooting processes; (3) failing to replace customers' defective systems with non-defective parts, software, or systems in a timely manner while warranty periods lapsed; (4) repeatedly telling customers Alert Systems were on back-order so that they could not be replaced during the warranty period; (5) creating administrative hassles for customers to prove purchases and submit exchange Alert Systems for repair and/or replacement; (6) replacing defective parts and Alert Systems with defective parts and Alert Systems; (7) misleading customers that their Alert Systems' problems would be fixed with upcoming hardware and software fixes that never materialized or did not actually work; (8) failing to implement successful software upgrades that would resolve or improve the user

experience and make the Alert Systems functional for their intended

purposes; and (9) failing to provide appropriate refunds;

    f.    Violating additional laws as set forth herein; and

    g.    Breaching its express and implied warranties with Class members as set

        forth herein.

51.    Logitech also violated the Unfair Competition Law because the utility of its

conduct as described in this Complaint is outweighed by the gravity of the consequences to

Plaintiff and Class members and because Logitech's conduct as described in this Complaint is

immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and Class

members.

52.    Plaintiff, on behalf of himself and Class members, has suffered injury as a direct

and proximate result of Logitech's fraudulent, unlawful and unfair business practices and is

therefore entitled to equitable relief, including restitution, disgorgement of profits Logitech

obtained from its fraudulent, unlawful and unfair business practices, and a permanent injunction

that enjoins Logitech from the unlawful practices described herein, as well as attorneys' fees and

costs of suit.  Cal. Bus. & Prof. Code § 17203.

## SECOND CAUSE OF ACTION

**Unlawful Practice in Sale of Consumer Goods in Violation of**
**California Consumers Legal Remedies Act**
**(Cal. Civ. Code §§ 1750 *et. seq.*)**

**On Behalf of Plaintiff and the Class**

53.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged

herein.

54.     Plaintiff and the Class members are "consumers" that purchased "goods" in the form of Logitech's Alert Systems primarily for personal, family or household purposes within the meaning of California Civil Code section 1761.  The application of the California Consumer Legal Remedies Act to the putative Class in this action is appropriate because Logitech's U.S. headquarters and principal place of business is in California and because the wrongful conduct alleged herein, including but not limited to Logitech's decision making that gave rise to this cause of action regarding the development, marketing, and sale of Alert Systems occurred in the state of California.

55.     Logitech is a "person" within the meaning of California Civil Code section 1761(c).

56.     Logitech violated California Consumer Legal Remedies Act, Civil Code section 1770(a)(5) by representing that the Alert Systems have characteristics, uses or benefits, which they do not have, and Civil Code section 1770(a)(7) by representing that the Alert Systems are of a particular standard, quality, or grade, even though they are of another.  Such conduct includes, among other things:

      a.    Designing, manufacturing, marketing, and selling Alert Systems to consumers that contained material, fundamental defects without disclosing such defects to consumers;

      b.    Marketing and selling Alert Systems that were not merchantable for the purpose of providing reliable digital home video security services;

      c.    Marketing and selling Alert Systems while concealing material facts from Plaintiff and Class members regarding the defects in the Alert Systems that would manifest both within and outside their express or implied

warranty periods that would create a safety risk for Plaintiff and Class members who purchased the Alert Systems to provide reliable home security;

d.    Concealing from purchasers that Logitech intended to discontinue manufacture and sale of the Alert Systems that would leave customers with inoperable, defective Alert Systems that Logitech could not repair or replace because of an eventual shortage of supply of replacement parts and systems; and

e.    Concealing from Class members that Logitech was in breach and intended to breach its warranty obligations by, among other things: (1) selling defective Alert Systems; (2) requiring customers to go through repetitive, time-consuming, cumbersome, and unsuccessful troubleshooting processes; (3) failing to replace customers' defective systems with non-defective parts, software, or systems in a timely manner while warranty periods lapsed; (4) repeatedly telling customers Alert Systems were on back-order so that they could not be replaced during the warranty period; (5) creating administrative hassles for customers to prove purchases and submit exchange Alert Systems for repair and/or replacement; (6) replacing defective parts and Alert Systems with defective parts and Alert Systems; (7) misleading customers that their Alert Systems' problems would be fixed with upcoming hardware and software fixes that never materialized or did not actually work; (8) failing to implement successful software upgrades that would resolve or improve the user experience and

make the Alert Systems functional for their intended purposes; and (9) failing to provide refunds.

57. Pursuant to California Civil Code sections 1752, 1780, and 1781, Plaintiff, on behalf of himself and other Class members, seeks an order of this Court enjoining Logitech from the unlawful practices described herein and requiring Logitech to conduct recalls and provide refunds, as well as an award of costs of litigation and attorneys' fees. Plaintiff will amend his Complaint to seek damages after the expiration of the statutory waiting period.

### THIRD CAUSE OF ACTION

**Breach of Express Warranty**

**On Behalf of Plaintiff and the Class or Alternatively
on Behalf of Plaintiff and the Illinois Subclass**

58. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein. The application of the California law to the putative Class in this action is appropriate because Logitech's U.S. headquarters and principal place of business is in California and because the wrongful conduct alleged herein, including but not limited to Logitech's decision making that gave rise to this cause of action regarding the development, marketing, and sale of Alert Systems occurred in the state of California. Alternatively, the Court can apply the law of Illinois to the Subclass.

59. Logitech is the designer, manufacturer, distributor and seller of Alert Systems that expressly warranted in writing to Plaintiff and Class members on its website and in documents provided with purchase that the Alert Systems had a one-year warranty and were "free from defects in material and workmanship." Prior to purchase Plaintiff was aware of Logitech's one-year warranty, which he relied on and understood would be included in his purchases. Logitech's express warranties became part of the bases of the bargains between Logitech and

Class members, creating express warranties that the product purchased by Plaintiff and the Class would conform to Logitech's warranty.

60.     Logitech breached its express warranty by selling defective Alert Systems, did not disclose the existence of any such defects, and Logitech did not honor its warranty, which it then further breached, by, among other things: (1) selling defective Alert Systems; (2) requiring customers to go through repetitive, time-consuming, cumbersome, and unsuccessful troubleshooting processes; (3) failing to replace customers' defective systems with non-defective parts, software, or systems in a timely manner while warranty periods lapsed; (4) repeatedly telling customers Alert Systems were on back-order so that they could not be replaced during the warranty period; (5) creating administrative hassles for customers to prove purchases and submit exchange Alert Systems for repair and/or replacement; (6) replacing defective parts and Alert Systems with defective parts and Alert Systems; (7) misleading customers that their Alert Systems' problems would be fixed with upcoming hardware and software fixes that never materialized or did not actually work; (8) failing to implement successful software upgrades that would resolve or improve the user experience and make the Alert Systems functional for their intended purposes; and (9) failing to provide appropriate refunds.

61.     Logitech was aware of the defects in the Alert Systems at the time it sold them to Plaintiff and Class members and during their one-year warranty periods.  Plaintiff and Class members also complained to Logitech about the problems with the Alert Systems soon after they occurred and provided notices of its breach of its warranties.  As a result of Logitech's breach of express warranties, Class members have suffered damages because they have purchased Alert Systems they would not have otherwise purchased and/or paid more for Alert Systems than they

would have otherwise paid.  Plaintiff and Class members are entitled to receive damages from Logitech in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

### On Behalf of Plaintiff and the Class or Alternatively on Behalf of Plaintiff and the Illinois Subclasses

62.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.  The application of the California law to the putative Class in this action is appropriate because Logitech's U.S. headquarters and principal place of business is in California and because the wrongful conduct alleged herein, including but not limited to Logitech's decision making that gave rise to this cause of action regarding the development, marketing, and sale of Alert Systems occurred in the state of California.  Alternatively, the Court can apply the law of Illinois to the Subclass.

63.     Logitech marketed and sold Alert Systems to function for the purpose of providing consumers reliable, continuous digital home security systems that would provide safety to persons and property, and that would permit Plaintiff and Class members to have real-time security alerts and digital evidence in the form of recorded video of thefts, robberies, home invasions, and other criminal activity.  Plaintiff and Class members purchased Logitech's Alert Systems in order have functioning reliable, continuous digital home security systems that would provide safety to persons and property, and that would permit Plaintiff and Class members to have real-time security alerts and digital evidence in the form of recorded video of thefts, robberies, home invasions, and other criminal activity.

64.     Logitech's Alert Systems suffered from fundamental defects which rendered the Alert Systems unmerchantable and unfit for sale and use because they were defective to the

extent that they did not operate at all, or did not operate properly, continuously, and reliably in order to provide the digital home security they were intended to. Among other things, Logitech's Alert Systems were defective because: the cameras would not work properly, and did not turn on, stay powered or record video as they were supposed to; the micro SD cards installed in the cameras failed and did not function properly; they overheated; because connectivity problems between the cameras rendered the system unusable; they had problems with inoperable or faulty motion sensors, as well as problems downloading video; they had problems with incoming video that would "freeze;" they had poor picture quality; they issued delayed security alerts; the camera's timestamps contained errors; and they were rife with software bugs and glitches that made the systems generally unreliable and inoperable.

65. Logitech was aware of the defects in the Alert Systems at the time it sold them to Plaintiff and Class members and before and after any express warranty periods. Plaintiff and Class members also complained to Logitech about the problems with the Alert Systems soon after they occurred and provided notices of its breach of its warranties. As a result of Logitech's breach of warranties, Class members have suffered damages because they have purchased Alert Systems they would not have otherwise purchased and/or paid more for Alert Systems than they would have otherwise paid. Plaintiff and Class members are entitled to receive damages from Logitech in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

**Unjust Enrichment**

**On Behalf of Plaintiff and the Class or Alternatively
on Behalf of Plaintiff and the Illinois Subclass**

66. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein. The application of the California law to the putative Class in this action is appropriate

because Logitech's U.S. headquarters and principal place of business is in California and because the wrongful conduct alleged herein, including but not limited to Logitech's decision making that gave rise to this cause of action regarding the development, marketing, and sale of Alert Systems occurred in the state of California. Alternatively, the Court can apply the law Illinois to the Subclass.

67.     Plaintiff and the Class members conferred financial benefits directly on Logitech, and Logitech appreciated and retained that benefit. By its wrongful acts and omissions described herein, Logitech was unjustly enriched at the expense of Plaintiff and Class members.

68.     The detriment to the Plaintiff and Class members and Logitech's enrichment were related to and resulted from the wrongful conduct alleged in this Complaint.

69.     Logitech has retained its profits, benefits, funds, and compensation obtained from its wrongful conduct, as described herein, in connection with deceptive marketing and sale of Alert Systems.

70.     It would be inequitable for Logitech to retain the profits, benefits, and other compensation obtained from its wrongful conduct, as described herein, in connection with deceptive marketing and sale of Alert Systems.

71.     Plaintiff and the Class members seek restitution from Logitech and an order of this Court fully or proportionally disgorging all profits, benefits, and other compensation obtained by Logitech from its wrongful conduct. If necessary, the Court may establish a constructive trust from which Plaintiff and Class members may seek restitution. Should the Court determine Plaintiff does not have an adequate remedy at law against Logitech, they plead this claim for unjust enrichment in addition to, or in the alternative to, other claims pleaded herein.

## SIXTH CAUSE OF ACTION

**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act,
815 ILCS 505, *et seq*.**

### On Behalf of the Plaintiff and the Illinois Subclass

72.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

73.     Plaintiff Anderson, Illinois Subclass members, and Logitech are all "persons" within the meaning of the Illinois Consumer Fraud and Deceptive Practices Act. Plaintiff Anderson and the Illinois Subclass members are "consumers" within the meaning of the Illinois Consumer Fraud and Deceptive Practices Act. Logitech's Alert Systems were directly offered to the public for sale and constitute "merchandise" within the meaning of the Illinois Consumer Fraud and Deceptive Practices Act. Logitech's marketing and sale of Alert Systems in the state of Illinois constitutes "trade" and/or "commerce" within the meaning of the Illinois Consumer Fraud and Deceptive Practices Act.

74.     Logitech's acts or omissions, as alleged herein, constitute unfair methods of competition and unfair or deceptive acts in practices that occurred in connection with the sale and or advertisement of merchandise, in violation of section 505/2 of the Illinois Consumer Fraud and Deceptive Practices Act, that prohibits "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965…" 815 Ill. Comp. Stat. Ann. 505/2.

75.     Logitech violated the Illinois Consumer Fraud and Deceptive Practices Act by, among other things:

> a.      Designing, manufacturing, marketing and selling Alert Systems to consumers that contained material, fundamental defects without disclosing such defects to consumers;

> b.      Marketing and selling Alert Systems that were not merchantable for the purpose of providing reliable digital home video security services;

> c.      Marketing and selling Alert Systems while concealing material facts from Plaintiff and Class members regarding the defects in the Alert Systems that would manifest both within and outside their express or implied warranty periods that would create a safety and security risk for Plaintiff and Class members who purchased the Alert Systems to provide reliable home security;

> d.      Concealing from purchasers that Logitech intended to discontinue manufacture and sale of the Alert Systems that would leave customers with inoperable, defective Alert Systems that Logitech could not repair or replace because of an eventual shortage of supply of replacement parts and systems;

> e.      Concealing from Class members that it was in breach and intended to breach its warranty obligations by, among other things: (1) selling defective Alert Systems; (2) requiring customers to go through repetitive, time-consuming, cumbersome, and unsuccessful troubleshooting processes; (3) failing to replace customers' defective systems with non-

defective parts, software, or systems in a timely manner while warranty periods lapsed; (4) repeatedly telling customers Alert Systems were on back-order so that they could not be replaced during the warranty period; (5) creating administrative hassles for customers to prove purchases and submit exchange Alert Systems for repair and/or replacement; (6) replacing defective parts and Alert Systems with defective parts and Alert Systems; (7) misleading customers that their Alert Systems' problems would be fixed with upcoming hardware and software fixes that never materialized or did not actually work; (8) failing to implement successful software upgrades that would resolve or improve the user experience and make the Alert Systems functional for their intended purposes; and (9) failing to provide appropriate refunds;

f.      Violating additional laws as set forth herein; and

g.      Breaching its express and implied warranties with Class members as set forth herein.

76.     Under Section 505/10a, Plaintiff Anderson and the Illinois Subclass have suffered actual damages and ascertainable losses by Logitech's conduct, entitling them to recover compensatory damages, restitution, disgorgement, refunds of moneys, interest, punitive damages, injunctive relief, reasonably attorneys' fees, costs of suit, and any and all relief that may be available in law or equity.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief, 28 U.S.C. § 2201

### On Behalf of Plaintiff and the Class

77.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged

herein.

78.     An actual controversy has arisen and now exists between Plaintiff and the Class

on the one hand, and Logitech on the other, concerning the misleading and deceptive business

practices complained of in the Complaint and Logitech's breaches of its express and implied

warranties.  Plaintiff contends that Logitech deceptively marketed and sold expensive, purported

digital home security systems that contained defects and problems that rendered them

unmerchantable and that Logitech breached its express and implied warranties.  Logitech, on the

other hand, contends that its marketing and sales practices were not deceptive and that its Alert

Systems were free from defects and problems and that it complied with all applicable warranty

laws and obligations.

79.     A judicial determination of the rights and responsibilities of the parties is

necessary and appropriate at this time so (1) the rights of Plaintiff and the Class may be

determined for purposes of resolving this action; and (2) the parties will have an understanding

of their rights and obligations governing their relationship in the future.

### JURY DEMAND

80.     Plaintiff, on his own behalf and on behalf of all others similarly situated, hereby

demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following prayer for relief, on behalf

of himself and Class members:

A.  An order certifying the Class and/or Subclasses pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent them;

B.  An award of compensatory, actual, treble and punitive damages in an amount to be determined at trial;

C.  Restitution and disgorgement of profits;

D.  Awarding pre- and post- judgment interest;

E.  Injunctive relief;

F.  Declaratory relief;

G.  Attorneys' fees, costs and expenses of suit, including expert witness fees; and

H.  Such other relief as the Court may deem appropriate.

DATED:  August 22, 2017                    KAPLAN FOX & KILSHEIMER LLP

By:  _/s/ *Gary L Specks*_____

Gary L. Specks
423 Sumac Road
Highland Park, IL  60035
Telephone:  847-831-1585
Facsimile:  847-831-1580
gspecks@kaplanfox.com

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King (*pro hac vice* to be filed)
Linda M. Fong (*pro hac vice* to be filed)
Matthew B. George (*pro hac vice* to be filed)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com
mgeorge@kaplanfox.com

*Attorneys for Plaintiff JAMES ANDERSON*